UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **TEKUILLA BRADFORD** | * | **CIVIL ACTION NO. 14-3484** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **NT TRUCK LINES, INC., ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## ORDER

On December 19, 2014, defendant, Granite State Insurance Company, removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). Federal courts, however, are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction rests with the party invoking the federal forum. *Id*. Further, when jurisdiction depends on diversity of citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source). This rule requires "strict adherence." *Id*.

In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil, supra*; *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n. 2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference); *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (alleging that defendant is incorporated in a state "other than" that of plaintiff is insufficient). Simply alleging that a corporation is a "foreign

insurer" without specifying its principal place of business is insufficient for jurisdictional purposes. *See Getty, supra*.

For individual parties, the courts have equated domicile with citizenship. *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974). Moreover, "domicile" is not synonymous with "residence;" one can reside at one place but be domiciled in another, and one can have more than one residence, but only one domicile. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989).

Here, the record does not reveal the state of incorporation or principal place of business for defendant, NT Truck Lines, Inc. (Notice of Removal, ¶ 2). In addition, the notice of removal sets forth the *residence* for defendant, Wilson E. Martinez, rather than his *domicile*. *Id*.

Accordingly, within the next seven days from the date of this order, removing defendant is granted leave of court to file an amended notice of removal that establishes diversity jurisdiction. *See* 28 U.S.C. § 1653. If defendant fails to so comply, or if subject matter jurisdiction is found to be lacking, then the matter will be remanded to state court.

IT IS SO ORDERED.

In Chambers, at Monroe, Louisiana, this 27th day of March 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE